**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | | |
|---|---|---|
| Linda Tucker Moir, etc., | : | Case No. 1:02CV1395 |
| | : | |
| Plaintiff | : | Judge Lesley Wells |
| | : | |
| v. | : | Magistrate Judge David S. Perelman |
| | : | |
| Michael Phillips, et al. | : | **REPORT AND RECOMMENDED** |
| | : | **DECISION** |
| Defendants | : | |

      Evidentiary hearing was held August 24, 2005 pursuant to Your Honor's "Order Referring Case To Magistrate Judge Perelman For Default Judgement Hearing." Testimony was taken at that proceeding from an expert economist, Dr. David M. Stott, and telephonically from Mr. Suresh K. Dutta, the father of Yuvna Dutta.

      This action arose from the death of Ms. Dutta on March 24, 2002 as a result of injuries she sustained in an automobile accident a week earlier. During that week period Ms. Dutta remained in a coma at the Akron General Medical Center, and her parents had to make the difficult decision to have her removed from life support after being advised by her treating physicians that she was brain dead. At the time of Ms. Dutta's death her then seventeen year old brother, Kashish Dutta, who had a accompanied his parents from their home in Port of Spain, Trinidad, West Indies, was also present.

      Dr. Stott testified that he had conservatively projected the economic loss consequent to Mr. Dutta's death at $1,607,346.00. He based that projection on estimated earnings of a twenty-two year old female

college graduate, Ms. Dutta being weeks short of graduating from Purdue University with a degree in industrial engineering at the time of her death,[1] although it was probable that with her degree Ms. Dutta's earnings would have been greater than those of the average graduate Dr. Stott further testified that he had not factored into that projection the elements of fringe benefits, retirement income or personal consumption, and that had he done so the total would have been higher.

It was evident from Mr. Dutta's testimony that, as would be expected, his daughter's death had, in his words, devastated the family, although he candidly acknowledged that his recovery had been the best of the three survivors.  He testified that his son had gone into a shell after his sister's death, virtually retreating into his room for almost two years, and that having now returned to college Kashish's grades were below what they were before.  He also stated that his wife remains in a state of depression and under medication.

Based upon the evidence received at the hearing, this Court believes that a damage award in the amount of $3,100,000.00 would be appropriate, and recommends that a default judgment be entered in that amount against defendants Hammad Ahmed and Mohammad U. Jameel.

s/DAVID S. PERELMAN
United States Magistrate Judge

DATE:    August 25, 2005

---

[1] The university awarded her that degree posthumously.

2

## OBJECTIONS

Any objections to this Report and Recommended Decision must be filed with the Clerk of Courts within ten (10) days of receipt of this notice. Failure to file objections within the specified time waives the right to appeal the District Court's order. *See, United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). *See, also, Thomas v. Arn*, 474 U.S. 140 (1985), *reh'g denied*, 474 U.S. 1111 (1986).